UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,

    v.

JANET NAPOLITANO, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT, FEDERAL
PROTECTIVE SERVICE,

        Defendants.

_____/

NO. CIV. S-09-2649 LKK/DAD

O R D E R

      On September 21, 2009, plaintiff, a federal employee, filed a complaint against his employer alleging violations of the Age Discrimination in Employment Act ("ADEA") and Title VII. Plaintiff alleged that he "has exhausted all required administrative remedies," but did not provide any detail as to what administrative remedies or agency decisions were made. Compl. ¶ 4. On February 18, 2010, plaintiff filed an amended complaint. On March 1, 2010, the court held a status conference. At this conference, defendant stated that she did not believe that the court had subject matter

1

1   over the case because plaintiff's claims were not exhausted.
2   Accordingly, the court ordered defendant to file a motion to
3   dismiss for lack of subject matter jurisdiction. The court also
4   granted plaintiff leave to file a second amended complaint ("SAC").

5         On March 11, 2010, plaintiff filed his second amended
6   complaint. In this complaint, plaintiff does not allege any facts
7   concerning whether his claim is properly exhausted despite being
8   aware that defendant was to challenge subject matter jurisdiction
9   on this issue following his filing of the second amended complaint.

10        On March 23, 2010, defendant filed a motion to dismiss for
11  lack of subject matter jurisdiction and failure to state a claim
12  as to plaintiff's Title VII claim and a motion to strike the jury
13  demand under ADEA. Dkt. No. 14. Defendant, however, did not move
14  to dismiss plaintiff's ADEA claim for lack of subject matter
15  jurisdiction. Plaintiff's opposition merely argued that he
16  sufficiently alleged that he exhausted his administrative remedies
17  by his citation to 42 U.S.C. § 2000e-16(c) in support of
18  jurisdiction in the SAC. He continues to state that this reference
19  is sufficient to avoid dismissal under Fed. R. Civ. P. 12(b)(6),
20  for failure to state a Title VII claim.

21        Plaintiff relies on an incorrect standard for determination
22  of subject matter jurisdiction. Defendant moves to dismiss under
23  Fed. R. Civ. P. 12(b)(1). Plaintiff, the party seeking federal
24  jurisdiction, bears the burden of proving that jurisdiction is
25  proper. See, e.g., Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).
26  This is not a question resolved by amendment. Rather, plaintiff

2

must prove that jurisdiction is proper. Plaintiff has not provided any such proof.

Both ADEA and Title VII require administrative exhaustion prior to filing a complaint in federal court.[1] The type of exhaustion, however, is somewhat different under each statute. Specifically, under Title VII, plaintiff, as a federal employee, must first contact an EEO counselor at his employer within 45 days from the day the discrimination occurred. 29 C.F.R. §§ 1614.105, 1614.106. The EEO counselor, then, will attempt to settle the dispute. Id. If settlement is not reached, plaintiff must file a formal complaint with the EEOC within 15 days of being informed by the EEO counselor about how to file. Id. Plaintiff may then only file a civil complaint in federal court when one of four events has occurred: (1) after 180 days have passed from the day he filed his complaint, if the agency has not issued a decision and no administrative appeal has been filed; (2) within 90 days from the day he receives the agency's decision on his complaint, so long as no appeal has been filed; (3) after 180 days from the day he filed an administrative appeal if the EEOC has not issued a decision; or (4) within 90 days from the day plaintiff received the EEOC's decision on his administrative appeal. 42 U.S.C. §§ 2000e-16(c-d), 2000e-5(f)(1).

---

[1] Federal courts have an independent duty to confirm subject matter jurisdiction. The court finds that plaintiff's complaint casts significant doubt over the existence of subject matter jurisdiction over both of his claims, even though defendant does not now move to dismiss plaintiff's ADEA claim for lack of jurisdiction.

1      Under ADEA, plaintiff need not file an administrative

2  complaint, but if he does he must follow the same procedure for

3  filing in federal court as described above. Alternatively,

4  plaintiff may file a notice of intent to sue with the EEOC thirty

5  days before filing his complaint in federal court. 29 U.S.C. §

6  633a(d). If plaintiff fails to complete either process, the court

7  lacks subject matter jurisdiction over his ADEA claim.

8      For the foregoing reasons, the court ORDERS plaintiff to file

9  by 9:00 a.m. on Thursday, May 20, 2010, proof that this court has

10 jurisdiction over both his ADEA and Title VII claims. Such proof

11 includes, but is not limited to, date-stamped complaints filed with

12 the EEOC, final decisions from the EEOC, and a date-stamped notice

13 of intent to sue filed with the EEOC. Where such documentary

14 evidence is not available or requires explanation, plaintiff and/or

15 plaintiff's counsel shall file affidavit(s), under penalty of

16 perjury, concerning the dates of the allegedly illegal acts of

17 defendant, the actions plaintiff took with the EEO Counselor, the

18 EEOC, or any other relevant agency concerning administrative

19 exhaustion, and responses by the EEO Counselor, the EEOC, or any

20 other relevant agency. All documentation and testimony shall be as

21 specific with respect to date as possible. Failure to do so will

22 result in dismissal of plaintiff's complaint for lack of subject

23 matter jurisdiction.

24     IT IS SO ORDERED.

25     DATED:  May 17, 2010.

26
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

4