UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,

   v.

JANET NAPOLITANO, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT, FEDERAL
PROTECTIVE SERVICE,

        Defendants.
_____/

NO. CIV. S-09-2649 LKK/DAD

O R D E R

This case concerns plaintiff's employment with the Federal Protective Service ("FPS"). Plaintiff brings claims under the Age Discrimination in Employment Act ("ADEA") and Title VII. Defendants move to dismiss plaintiff's Title VII claims for lack of subject matter jurisdiction and for failure to state a claim. Additionally, defendants move to strike plaintiff's jury demand under ADEA. Prior to the hearing on this case, the court ordered plaintiff to prove that he has exhausted the administrative procedures concerning both his Title VII and ADEA claims. For the reasons described below,

1

plaintiff's complaint is dismissed for failure to state a claim. Plaintiff is granted leave of twenty-one (21) days to file a third amended complaint.

## I. BACKGROUND

On September 21, 2009, plaintiff filed a complaint against defendants. Plaintiff alleged violations of Title VII and the ADEA. On February 18, 2010, plaintiff filed an amended complaint. On March 11, 2010, plaintiff filed his seconded amended complaint ("SAC").  On March 23, 2010, defendant filed a motion to dismiss plaintiff's Title VII claim for lack of subject matter jurisdiction and for failure to state a claim. Defendant also moved to strike plaintiff's request for a jury demand.

Plaintiff's SAC leaves much to be desired. Plaintiff does not allege any facts in support of his claim that this court has jurisdiction to hear his case. With respect to whether his claim is exhausted, he merely states, "Plaintiff has exhausted all required administrative remedies." SAC ¶ 4. In order to expedite resolution of this issue, the court ordered plaintiff to prove that he exhausted both of his claims. On May 20, 2010, plaintiff filed numerous documents and an affidavit demonstrating that he has gone through the administrative process for claims under ADEA and retaliation for participating in Equal Employment Opportunity investigations concerning complaints of other employees.

In the "general allegations" section of plaintiff's

1 complaint, plaintiff lists several facts, for a period of about
2 5 years. He does not, however, provide any context as to how
3 these facts constitute illegal discrimination. The only
4 protected category identified in plaintiff's complaint is age.
5 Id. at ¶ 1. Plaintiff nowhere alleges discrimination based on
6 race, color, religion, sex, or national origin.

7   In the causes of action, plaintiff incorporates the general
8 allegations by reference and lists the damages he claims
9 resulted from violation of the statutes.

10 **II. STANDARDS**

11 **A.   Fed. R. Civ. P. 12(b)(1) Motion to Dismiss**

12   It is well established that the party seeking to invoke the
13 jurisdiction of the federal court has the burden of establishing
14 that jurisdiction exists. KVOS, Inc. v. Associated Press, 299
15 U.S. 269, 278 (1936); Assoc. of Medical Colleges v. United
16 States, 217 F.3d 770, 778-779 (9th Cir. 2000). On a motion to
17 dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the standards that
18 must be applied vary according to the nature of the
19 jurisdictional challenge.

20   When a party brings a facial attack to subject matter
21 jurisdiction, that party contends that the allegations of
22 jurisdiction contained in the complaint are insufficient on
23 their face to demonstrate the existence of jurisdiction. Safe
24 Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).
25 In a Rule 12(b)(1) motion of this type, the plaintiff is
26 entitled to safeguards similar to those applicable when a Rule

1   12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d
2   345, 347 (11th Cir. 1994), Osborn v. United States, 918 F.2d
3   724, 729 n.6 (8th Cir. 1990); see also 2-12 Moore's Federal
4   Practice - Civil § 12.30 (2009). The factual allegations of the
5   complaint are presumed to be true, and the motion is granted
6   only if the plaintiff fails to allege an element necessary for
7   subject matter jurisdiction. Savage v. Glendale Union High Sch.
8   Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), Miranda
9   v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless,
10  district courts "may review evidence beyond the complaint
11  without converting the motion to dismiss into a motion for
12  summary judgment" when resolving a facial attack. Safe Air for
13  Everyone, 373 F.3d at 1039.
14       Alternatively, when a party brings a factual attack, it
15  "disputes the truth of the allegations that, by themselves,
16  would otherwise invoke federal jurisdiction." Id. Specifically,
17  a party brings a factual motion where it "present[s] affidavits
18  or other evidence properly brought before the court" in support
19  of its motion to dismiss. Id. Unlike in a motion to dismiss
20  under Fed. R. Civ. P. 12(b)(6), the court need not assume the
21  facts alleged in a complaint are true when resolving a factual
22  attack. Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir.
23  2000)). While the motion is not converted into a motion for
24  summary judgment, "the party opposing the motion must
25  [nonetheless] furnish affidavits or other evidence necessary to
26  satisfy its burden of establishing subject matter jurisdiction."

4

1  Id. When deciding a factual challenge to subject matter
2  jurisdiction, district courts may only rely on facts that are
3  not intertwined with the merits of the action. Id.
4      **B.   Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**
5      A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's
6  compliance with the pleading requirements provided by the
7  Federal Rules. In general, these requirements are established by
8  Fed. R. Civ. P. 8, although claims that "sound[] in" fraud or
9  mistake must meet the requirements provided by Fed. R. Civ. P.
10 9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir.
11 2003).
12     Under Federal Rule of Civil Procedure 8(a)(2), a pleading
13 must contain a "short and plain statement of the claim showing
14 that the pleader is entitled to relief." The complaint must give
15 defendant "fair notice of what the claim is and the grounds upon
16 which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
17 555 (2007) (internal quotation and modification omitted).
18     To meet this requirement, the complaint must be supported
19 by factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950
20 (2009). "While legal conclusions can provide the framework of a
21 complaint," neither legal conclusions nor conclusory statements
22 are themselves sufficient, and such statements are not entitled
23 to a presumption of truth. Id. at 1949-50. Iqbal and Twombly
24 therefore prescribe a two step process for evaluation of motions
25 to dismiss. The court first identifies the non-conclusory
26 factual allegations, and the court then determines whether these

allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89 (2007).[1]

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The line between non-conclusory and conclusory allegations is not always clear. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

---

[1] As discussed below, the court may consider certain limited evidence on a motion to dismiss. As an exception to the general rule that non-conclusory factual allegations must be accepted as true on a motion to dismiss, the court need not accept allegations as true when they are contradicted by this evidence. See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

6

1 defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at
2 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). While <u>Twombly</u> was not
3 the first case that directed the district courts to disregard
4 "conclusory" allegations, the court turns to <u>Iqbal</u> and <u>Twombly</u>
5 for indications of the Supreme Court's current understanding of
6 the term. In <u>Twombly</u>, the Court found the naked allegation that
7 "defendants 'ha[d] entered into a contract, combination or
8 conspiracy to prevent competitive entry . . . and ha[d] agreed
9 not to compete with one another,'" absent any supporting
10 allegation of underlying details, to be a conclusory statement
11 of the elements of an anti-trust claim. <u>Id.</u> at 1950 (quoting
12 <u>Twombly</u>, 550 U.S. at 551). In contrast, the <u>Twombly</u> plaintiffs'
13 allegations of "parallel conduct" were not conclusory, because
14 plaintiffs had alleged specific acts argued to constitute
15 parallel conduct. <u>Twombly</u>, 550 U.S. at 550-51, 556.

16     <u>Twombly</u> also illustrated the second, "plausibility" step of
17 the analysis by providing an example of a complaint that failed
18 and a complaint that satisfied this step. The complaint at issue
19 in <u>Twombly</u> failed. While the <u>Twombly</u> plaintiffs' allegations
20 regarding parallel conduct were non-conclusory, they failed to
21 support a plausible claim. <u>Id.</u> at 566. Because parallel conduct
22 was said to be ordinarily expected to arise without a prohibited
23 agreement, an allegation of parallel conduct was insufficient to
24 support the inference that a prohibited agreement existed. <u>Id.</u>
25 Absent such an agreement, plaintiffs were not entitled to
26 ////

7

relief. Id.[2]

In contrast, Twombly held that the model pleading for negligence demonstrated the type of pleading that satisfies Rule 8. Id. at 565 n.10. This form provides "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." Form 9, Complaint for Negligence, Forms App., Fed. Rules Civ. Proc., 28 U.S.C. App., p 829. These allegations adequately "'state[] . . . circumstances, occurrences, and events in support of the claim presented.'" Twombly, 550 U.S. at 556 n.3 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 94, 95 (3d ed. 2004)). The factual allegations that defendant drove at a certain time and hit plaintiff render plausible the conclusion that defendant drove negligently.

### C.   Fed. R. Civ. P. 12(f) Motion to Strike

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A party may bring on a motion to strike within 21 days after the filing of the pleading under attack. The court, however, may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an

---

[2] This judge must confess that it does not appear self-evident that parallel conduct is to be expected in all circumstances and thus would seem to require evidence. Of course, the Supreme Court has spoken and thus this court's own uncertainty needs only be noted, but cannot form the basis of a ruling.

8

untimely motion to strike where it seems proper to do so. See 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1380; See also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill. 1985). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at § 1380.

### III. ANALYSIS

**A.   Exhaustion**

Plaintiff's complaint merely states that he has exhausted administrative remedies. In response to this court's order that plaintiff prove that jurisdiction is proper, however, plaintiff provided documentation and testimony indicating that he has exhausted administrative remedies at least with respect to some theories of liability under ADEA and for retaliation for participating in other employee's EEO proceedings. Accordingly, the court finds that it has jurisdiction over plaintiff's claims insofar as they were exhausted in the administrative process.

At the hearing on this motion, defendant argued that the evidence submitted by plaintiff did not show that he exhausted his claims as to all theories of liability advanced in his

9

1  complaint. The court, however, cannot determine with any
2  certainty which theories of liability plaintiff seeks to advance
3  in his complaint. For these reasons the court denies defendants'
4  motion to dismiss for lack of subject matter jurisdiction
5  without prejudice. Defendants may move to dismiss certain
6  theories of liability for lack of subject matter jurisdiction
7  after plaintiff files his third amended complaint or the time
8  for plaintiff to file such a complaint has passed.

9      **B.    Whether Plaintiff Has Stated A Claim Under Title VII**
10      Title VII only protects against discrimination on the basis
11  of race, color, religion, sex, or national origin. 42 U.S.C. §
12  2000e-2. Plaintiff has not alleged any facts that would support
13  a claim that he was either discriminated against on those
14  grounds or retaliated against for complaining about
15  discrimination on those grounds. Accordingly, plaintiff has not
16  stated a claim for relief under Title VII. Thus, this claim is
17  dismissed, with leave to amend.

18      **C.    Motion to Strike**

19      Defendants move to strike plaintiff's jury demand because
20  federal employees are not entitled to have age discrimination
21  claims tried to a jury. The court denies this motion because it
22  grants plaintiff leave to amend his complaint.

23      **D.    Third Amended Complaint**

24      The parties' papers reveal a significant dispute as to the
25  proper application of Fed. R. Civ. P. 12(b)(6) to employment
26  discrimination cases. While not necessary to dispose of the

1  instant motion, the court will briefly discuss the pleading
2  standard necessary in this case in an attempt to avoid
3  unnecessary future motion practice.
4      Plaintiff's SAC fails to state a claim because it does not
5  put defendants on notice as to why the employment actions listed
6  in the complaint constitute unlawful discrimination. In amending
7  his complaint, plaintiff must allege facts sufficient to put
8  defendants on notice as to how their actions constituted
9  impermissible discrimination or retaliation. For example, it is
10 sufficient under ADEA to allege (1) plaintiff applied for a
11 promotion to [title] on [date]; (2) plaintiff was not selected
12 for the promotion; (3) the person selected for the promotion was
13 less qualified than plaintiff, but was younger OR plaintiff was
14 informed that he was not selected for the position because of
15 his age. Such allegations are sufficient to put defendant on
16 notice of a claim of discrimination. Likewise, it is sufficient
17 to put defendant on notice of a claim of retaliation under ADEA
18 to allege that (1) plaintiff complained about age discrimination
19 on [date] to [whom] concerning [alleged discrimination] and (2)
20 plaintiff suffered [a negative employment action] as a result.
21 Plaintiff need not file a lengthy complaint, but rather must
22 allege some facts beyond the employment action to explain why
23 the action allegedly violates the law.
24     Furthermore, with respect to plaintiff's claims under Title
25 VII, it appears to the court that these claims solely concern
26 retaliation for plaintiff's participation in other employees'

11

1  Equal Employment Opportunity ("EEO") complaints. If this is the
2  case, which the court again notes that it cannot determine with
3  certainty, plaintiff must allege facts that put defendant on
4  notice of the nature of his claims. To do so, plaintiff must
5  allege facts that demonstrate that these EEO complaints were
6  brought under Title VII. Specifically, these employees must have
7  brought claims alleging discrimination because of race, color,
8  religion, sex, or national origin. As to each individual's EEO
9  complaint, plaintiff must allege (1) that the complaint alleged
10 discrimination based on race, color, religion, sex, or national
11 origin; (2) plaintiff's involvement in that complaint; and (3)
12 the negative employment actions that allegedly resulted because
13 of plaintiff's involvement.
14     The court notes that plaintiff has litigated this case in
15 the Equal Employment Opportunity Commission ("EEOC") for several
16 years. As such, plaintiff should be aware of the relevant facts
17 that support his claims.

**IV. CONCLUSION**

19     For the foregoing reasons, the court DENIES defendants'
20 motion to dismiss for lack of subject matter jurisdiction and
21 GRANTS defendants' motion to dismiss for failure to state a
22 claim. Dkt. No. 14.
23     The court further orders that plaintiff is granted leave of
24 twenty-one (21) days from the issuance of this order to file a
25 ////
26 ////

1  third amended complaint.
2       IT IS SO ORDERED.
3       DATED:  June 1, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT