```
 1
 2
 3
 4
 5
 6
 7                       UNITED STATES DISTRICT COURT
 8                    FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
    JOHN P. MORGAN,
10
                                         NO. CIV. S-09-2649 LKK/DAD
11           Plaintiff,
12       v.
                                                 O R D E R
13  JANET NAPOLITANO, SECRETARY,
    U.S. DEPARTMENT OF HOMELAND
14  SECURITY, IMMIGRATION AND
    CUSTOMS ENFORCEMENT, FEDERAL
15  PROTECTIVE SERVICE,
16           Defendants.
                                      /
17
```

This is an employment discrimination case arising under Title VII, the ADA and the Age Discrimination in Employment Act ("ADEA"). Plaintiff was a Department of Homeland Security ("DHS") employee who alleges that he was subjected to adverse employment actions in retaliation for his wife's role as an attorney representing other DHS employees in various discrimination claims, and because of management's perception that he was aiding and abetting his wife in her representation of the other employees. Plaintiff also claims that he was retaliated against for his own participation in Equal

1

Employment Opportunity proceedings, and that he has been discriminated against on the basis of his age, in violation of the ADEA. Pending before the court is a motion to dismiss the Fourth Amended Complaint, ECF No. 39. Plaintiff opposes the motion, and has filed a cross motion for leave to amend the complaint.

## I. Procedural Background

Plaintiff filed his original complaint in this matter on September 21, 2009, alleging violations of Title VII and ADEA. Plaintiff filed his first amended complaint on February 18, 2010, and a second amended complaint on March 11, 2010. Defendant moved to dismiss the second complaint for lack of subject matter jurisdiction and failure to state a claim. On June 1, 2010, the court denied the motion on the grounds of subject matter jurisdiction, but granted the motion for failure to state a claim. Plaintiff was granted twenty one (21) days to file a third amended complaint ("TAC"), which he did on June 21, 2010.

Defendant moved to dismiss the TAC for lack of subject matter jurisdiction and for failure to state a claim with respect to age discrimination, direct retaliation, and third-party retaliation. The court denied the motion with respect to subject matter jurisdiction, granted the motion to dismiss for failure to state a claim under ADEA, and denied defendant's motion to dismiss for failure to state a claim under Title VII for direct and third-party retaliation. The court granted the plaintiff leave to amend the complaint only as to the hostile work environment claims under ADEA and Title VII, discrimination under ADEA, and retaliation under

1  Title VII, the ADEA and the ADA. The court specifically directed
2  the plaintiff not to amend the complaint under any other theories.
3  Order, September 23, 2010, ECF No. 32. Plaintiff filed a seventy-
4  seven page Fourth Amended Complaint ("FAC") on October 14, 2010,
5  which defendant now moves to dismiss. In her motion to dismiss,
6  defendant argues that the retaliation claims in the FAC exceed the
7  scope of amendment allowed in the September 23 order and that
8  plaintiff fails to state a claim under Title VII or the ADEA.
9  Plaintiff opposed the motion to dismiss and requested leave to
10 amend the complaint. In his request for leave to amend, plaintiff
11 admitted that there were typographical and computer editing errors
12 in the FAC. Plaintiff filed a proposed Fifth Amended Complaint,
13 which is one hundred fifteen (115) pages. Because plaintiff has
14 requested leave to amend his complaint, the court GRANTS
15 defendant's motion to dismiss the FAC without further discussion.
16 Plaintiff's request for leave to amend is GRANTED. However,
17 plaintiff may not file the proposed fifth amended complaint.

## II. Conclusion

19    The court orders as follows:
20        [1] Defendant's motion to dismiss plaintiff's Fourth
21        Amended Complaint, ECF No. 39, is GRANTED.
22        [2] Plaintiff's request for leave to amend the
23        complaint, ECF No. 52 is GRANTED, but plaintiff MAY NOT
24        file the proposed fifth amended complaint attached to
25        that request.
26        [3] Plaintiff has thirty (30) days from the issuance of

1    this order to file an amended complaint.
2    [4] Plaintiff may also amend the complaint to include
3    allegations of retaliatory acts stemming from
4    plaintiff's filing of an EEO complaint in March, 2006.
5    Plaintiff may also amend the FAC to re-allege
6    retaliation for his participation in the Neibauer and
7    Bailey matters, beginning in April 2007.
8    [6] Plaintiff is instructed to simplify the complaint to
9    contain only the ultimate facts for each claim for
10   relief. For each claim, plaintiff shall plead only the
11   facts that are relevant to that claim.
12   [7] Plaintiff is NOT GRANTED leave to amend the
13   complaint under any additional theories.
14  IT IS SO ORDERED.
15  DATED: February 9, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4