IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,                            CIV S-09-2649 LKK DAD

    v.

JANET NAPOLITANO, et al.,

        Defendants.                     <u>ORDER</u>

_____/

        On January 18, 2012, counsel for defendant filed an ex parte motion for an extension of time to respond to plaintiff's request for production of documents. (Doc. No. 77). Therein, defense counsel declares that: no previous extension of time has been sought from the court; plaintiff served his request for production on December 5, 2011; because of the holidays and counsel's prearranged two and a half week absence, the original due date for the production of documents was extended to January 18, 2012; many of the documents sought to be produced must be withheld under the Privacy Act, as defined by 49 C.F.R. Parts 15 and 1520; although this issue was raised on January 4, 2012, plaintiff's counsel has not indicated how this issue will be resolved; the documents sought are located at various sites around the country; defendant intends to perform a rolling production, producing documents as they become available; counsel for plaintiff refused to consent to defendant's request for an extension of time to produce the

1 requested documents. (Gordon Decl. (Doc. No. 77-1) at 1-2.)

2       On January 19, 2012, counsel for plaintiff filed objections to defendant's ex parte
3 request for an extension of time. (Doc. No. 78.) Counsel for plaintiff argues that defense
4 counsel has failed to establish that she has due diligence in responding to the discovery request.
5 Plaintiff's counsel also contends that because under the district court's scheduling order
6 discovery must be completed by July 11, 2012 , and because there may be assertions of privilege
7 as to documents sought, limited time remains to complete discovery. Finally, plaintiff's counsel
8 argues that because the motion for extension of time was brought on the day agreed upon for the
9 production of documents, defendant's motion should be denied.

10       Plaintiff's argument regarding the timing of defendant's motion is well taken.
11 See E.D. Cal. Local Rule 144(d). Of course, the court may grant an initial ex parte extension of
12 time upon the affidavit of counsel that a stipulation extending time cannot reasonably be
13 obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why
14 the extension is necessary. E.D. Cal. Local Rule 144 (c). Here, defense counsel's declaration
15 satisfies those requirements. However, for the reasons cited in plaintiff's opposition to the
16 motion, defendant's belated motion for extension of time will be granted only in part.

17       Good cause appearing, IT IS HEREBY ORDERED that:

18       1. Defendant's January 18, 2012 ex parte motion for an extension of time to
19 respond to plaintiff's request for production of documents (Doc No. 77) is granted in part;

20       2. Defendant must respond to plaintiff's request for production of documents by
21 no later than February 11, 2012; and

22       3. No further extensions of time will be granted for this purpose.

23 DATED: January 30, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\morgan2649.exparte.eot