IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,              CIV S-09-2649 LKK DAD

        v.

JANET NAPOLITANO, et al.,

        Defendants.         <u>ORDER</u>

_____/

        On August 8, 2012, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration. That proposed stipulated protective order includes the following provision:

> Any document, information or transcript designated as Confidential Information in accordance with this Order, and which is otherwise admissible may be used at trial, or in other Court proceedings in this action, provided, however, that the parties agree that they will work with the Court to identify procedures, such as filing under seal and/or *in camera* reviews, that will protect and maintain the private nature of the Confidential Information.

(Proposed Stipulated Protective Order filed August 8, 2012 (Doc. No. 101-1) at 2.)

/////

/////

/////

All documents filed with the court are presumptively public.[1]  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").  Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information").  A protective order will not be entered absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's desire for a protective order does not constitute good cause to bar the public from access to litigation documents.  Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury

---

[1] A party may have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1  News, 187 F.3d at 1102-03.  "If a court finds particularized harm will result from disclosure of
2  information to the public, then it balances the public and private interests to decide whether a
3  protective order is necessary."  Phillips, 307 F.3d at 1211.
4         Stipulations and motions for entry of a protective order must (1) show a
5  particularized need for protection as to each individual document or piece of information
6  proposed to be covered by the order, (2) show why the need for protection should be addressed
7  by court order, as opposed to a private agreement between or among parties, and (3) describe the
8  types of documents or information eligible for protection under the order, with the description
9  provided in general terms sufficient to reveal the nature of the types of documents or information.
10 See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders
11 "are inherently subject to challenge and modification, as the party resisting disclosure generally
12 has not made a particularized showing of good cause with respect to any individual document");
13 Local Rule 141.1.
14        The court will not approve an order giving authority to the parties to designate
15 documents to be filed under seal.[2]  In this regard, the parties are advised that documents that are
16 the subject of a protective order may be filed under seal only if a sealing order is first obtained.
17 See Local Rule 141.1.  A party seeking to obtain a sealing order shall comply with provisions of
18 Local Rule 141.  After compliance with Local Rule 141, the court will file an order granting or
19 denying the request to seal.
20        The parties' request for entry of the proposed stipulated protective order will be
21 denied without prejudice to the submission of a stipulated protective order that cures this defect.
22 The parties may, of course, agree that specific documents to be filed with the court that disclose
23 information derived from documents containing confidential information shall be submitted to

---

[2] Nor will the court approve an order consenting to in camera review of documents that are the subject of a protective order.

the court either in redacted form in conformity with Local Rule 140 or with a request to seal documents and proposed sealing order in conformity with Local Rules 141 and 141.1.

      Accordingly, IT IS ORDERED that the parties' August 8, 2012 request for entry of the proposed stipulated protective order (Doc. No. 101) is denied without prejudice.

DATED: August 8, 2012.

                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\morgan2649.spoden