1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

JOHN P. MORGAN,

10          Plaintiff,

11    v.                              NO.  CIV.  S-09-2649  LKK/DAD

12
JANET NAPOLITANO, SECRETARY,
13 U.S. DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
14 CUSTOMS ENFORCEMENT, FEDERAL
PROTECTIVE SERVICE,

15
          Defendants.
16 _____/
JOHN P. MORGAN,
17
          Plaintiff,
18
      v.                            NO. CIV. S-12-1287 LKK/DAD
19
JANET NAPOLITANO, SECRETARY,
20 U.S. DEPARTMENT OF HOMELAND
SECURITY,                               O R D E R
21
          Defendants.
22 _____/

23      This is an employment discrimination case against the

24 Department of Homeland Security, with claims arising under Title

25 VII, the Americans with Disabilities Act ("ADA"), and the Age

26 Discrimination in Employment Act ("ADEA"). Three motions came on

                               1

for hearing on October 1, 2012:

    1.   Defendant's motion to consolidate cases under Fed. R.
Civ. P. 42(a).[1]

    2.   Plaintiff's motion to amend the pretrial scheduling order to extend the discovery deadline.

    3.   Defendant's motion to amend the pretrial scheduling order to extend the discovery and law & motion deadlines.

    Having considered the matter, the Court hereby GRANTS defendant's motion to consolidate and DENIES both motions to amend the pretrial scheduling order as moot, for the reasons set forth below.

**I. BACKGROUND**

**A. Factual & Procedural Background re: Motion to Consolidate Cases**

    On September 21, 2009, plaintiff filed <u>Morgan v. Napolitano</u>, case no. 2:09-cv-02649, an employment discrimination case against the Department of Homeland Security ("DHS") (<u>Morgan I</u>). On May 12, 2012, plaintiff filed a second such case, <u>Morgan v. Napolitano</u>, case no. 2:12-cv-01287 (<u>Morgan II</u>). On May 15, 2012, the court entered a Related Case Order finding the cases related within the meaning of Local Rule 123(a). On July 30, 2012, the court ordered defendant to bring this motion to consolidate the cases.

    The Fifth Amended Complaint in <u>Morgan I</u> (docket no. 56) alleges four causes of action: (1) retaliation for plaintiff's

---

[1] Hereinafter, the term "Rule" refers to the applicable Federal Rule of Civil Procedure.

1  wife's role as an attorney representing DHS employees in

2  discrimination claims against the agency; (2) retaliation for

3  plaintiff's perceived aiding and abetting of his wife's

4  representation of those employees; (3) retaliation for plaintiff's

5  filing of discrimination claims on his own behalf, and his

6  assistance to co-workers in also filing discrimination claims; and

7  (4) age discrimination against plaintiff. Among the remedies

8  plaintiff seeks in the Morgan I complaint are retroactive promotion

9  to the position he was denied due to retaliation, back pay, and

10  front pay.

11     The Morgan II complaint alleges the following facts not

12  included in the Morgan I complaint:

13  •  DHS allegedly removed plaintiff from federal service on

14     January 6, 2009. Plaintiff's union invoked arbitration

15     regarding the removal.

16  •  By written decision dated July 31, 2009, the arbitrator

17     denied the grievance and affirmed plaintiff's removal.

18  •  Plaintiff then filed a request for review of the arbitrator's

19     decision with the Merit Systems Protection Board ("MSPB").

20  •  By final order dated April 13, 2012 ("MSPB Decision"), the

21     MSPB affirmed two of the four charges against plaintiff and

22     affirmed DHS's removal action.

23  (Morgan II docket no. 1 ¶¶ 7-11.)

24     In place of the fourth claim in the Morgan I complaint, for

25  age discrimination, the Morgan II complaint seeks judicial review

26  of the MSPB Decision. As an additional remedy, plaintiff seeks

1   retroactive restoration to his position with DHS. But in most
2   substantive respects, the Morgan I and Morgan II complaints are
3   identical.

4   **B. Factual & Procedural Background re: Motions to Extend Discovery**
5   **and Law & Motion Deadlines**

6        On June 27, 2012, the court entered an order extending the
7   discovery deadline in Morgan I from July 11, 2012 to September 11,
8   2012. (Morgan I docket no. 90.) The court simultaneously extended
9   the law & motion deadline to November 9, 2011, delayed the final
10  pretrial conference to February 11, 2012, and postponed the
11  commencement of trial to May 14, 2013. The parties jointly sought
12  this extension due to an illness in counsel's family. (See Morgan
13  I docket no. 89.)

14       Defendant now moves the court to further extend the discovery
15  and law & motion deadlines, arguing good cause therefor. (Morgan
16  I docket no. 108.) Plaintiff opposes this motion. (Morgan I docket
17  no. 111.) Plaintiff separately moves to extend the discovery
18  deadline, also arguing good cause. (Morgan I docket no. 109.)
19  Plaintiff's motion is unopposed.

20  **II. STANDARD**

21  Rule 42(a) provides:

22       If actions before the court involve a common question of
         law or fact, the court may:
23
         (1) join for hearing or trial any or all matters at
24       issue in the actions;

25       (2) consolidate the actions; or

26       (3) issue any other orders to avoid unnecessary cost or

                              4

1    delay.

2         The court has broad power under this rule to consolidate

3    cases. <u>Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of</u>

4    <u>Cal.</u>, 877 F.2d. 777 (9th Cir. 1989).   The moving party bears the

5    burden of persuading the court that consolidation is warranted.

6    <u>Internet Law Library, Inc. v. Southridge Capital Management, LLC</u>,

7    208 F.R.D. 59, 61 (S.D.N.Y. 2002)

8         Under the most common standard adopted by federal courts in

9    deciding motions to consolidate,

10        [t]he critical question [is] whether the specific risks
          of prejudice and possible confusion were overborne by
11        the risk of inconsistent adjudications of common factual
          and legal issues, the burden on parties, witnesses and
12        available judicial resources posed by multiple lawsuits,
          the length of time required to conclude multiple suits
13        as against a single one, and the relative expense to all
          concerned    of    the    single-trial,    multiple-trial
14        alternatives.

15   <u>Arnold v. Eastern Airlines</u>, 681 F.2d 186, 193 (4th Cir. 1982). <u>See</u>

16   Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and</u>

17   <u>Procedure</u> § 2383 (3d. ed. 2012) (discussing this standard with

18   approval). Ultimately, considerations of convenience and economy

19   must yield to a paramount concern for a fair and impartial trial.

20   <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1285 (2d Cir. 1990).

21   **III. ANALYSIS**

22        There is little question that nearly every factor weighs in

23   favor of consolidating <u>Morgan I</u> and <u>Morgan II</u>. The facts alleged

24   in the two complaints are virtually identical; <u>Morgan II</u> simply

25   adds details about plaintiff's subsequent termination and his

26   exhaustion of administrative remedies. The legal issues are also

1  nearly identical; Morgan II merely pleads additional remedies

2  stemming from plaintiff's termination, adds a claim for review of

3  the MSPB Decision, and includes a reference in the Third Claim for

4  Relief to assisting one Michael Conrad in making a discrimination

5  complaint. Two trials would therefore present a significant risk

6  of inconsistent verdicts.[2]

7      Given the factual and legal identities between the matters,

8  a second lawsuit would also mean a tremendously duplicative

9  expenditure of effort and resources by the parties, the witnesses,

10 and the court. This is especially true if, as defendant claims,

11 "[m]ost of the witnesses are from outside the Sacramento area,

12 including witnesses in Washington DC, Chicago, Denver, Oregon,

13 southern California and San Francisco." (Reply, docket no. 112,

14 p.4.) There seems little merit in requiring these far-flung

15 individuals to testify at a second trial on the termination issues

16 raised in Morgan II.

17     Plaintiff also argues that the court's review of the MSPB

18 Decision in Morgan II would prejudice the jury as to his remaining

19 claims. He appears concerned that the court may uphold the MSPB

20 Decision, *e.g.*, on a motion for summary judgment, and that this

21 decision would then be communicated to the jury at trial. This

22 concern can be properly addressed by bifurcating plaintiff's cause

23

24     [2] While it is possible, as plaintiff argues, that many of the
   issues in Morgan II could be disposed of through claim preclusion
25 and issue preclusion, any such efficiency gains would undoubtedly
   be outweighed by the costs of maintaining a second nearly-identical
26 action.

1  of action for review of the MSPB Decision, and postponing

2  consideration of this cause of action until after the remaining

3  issues in this case are decided.

4      Plaintiff's only meritorious argument is that allowing

5  additional discovery to address the new factual and legal matter

6  pleaded in Morgan II will further delay trial. Three years have

7  passed since plaintiff filed Morgan I, and trial is not scheduled

8  to begin until May 14, 2013. If the cases are consolidated, trial

9  will be delayed even further. Still, a consolidated trial will take

10  place sooner than a standalone Morgan II trial would. Given that

11  plaintiff must be reinstated (a remedy he seeks in Morgan II)

12  before he can be promoted (a remedy he seeks in Morgan I), it seems

13  prudent to try the cases together despite the unfortunate delay.

14      The court therefore grants defendant's motion to consolidate

15  Morgan I and Morgan II. Consolidating these cases will require a

16  new status conference to set discovery and law & motion deadlines,

17  and dates for the final pretrial conference and trial. Accordingly,

18  the court will vacate the existing status (pretrial scheduling)

19  order, and set a new status conference. The effect will be to

20  vacate the current discovery and law & motion deadlines, rendering

21  the parties' respective motions to amend the pretrial scheduling

22  order moot. The court urges the parties to take advantage of this

23  one-time "get out of jail free" card and complete discovery. It is

24  exceedingly unlikely that the court will grant any further

25  extensions.

26  ////

**IV.  CONCLUSION**

The court hereby orders as follows:

[1] <u>Morgan v. Napolitano</u>, case no. 2:09-cv-02649, and <u>Morgan v. Napolitano</u>, case no. 2:12-cv-01287, are hereby CONSOLIDATED.

[2] The complaint currently filed in case no. 2:12-cv-01287 (docket no. 1) shall become the operative complaint in the consolidated action.

[3] Plaintiff is granted leave to file an amended complaint within seven (7) days of entry of this order solely to allege an additional cause of action under the Age Discrimination in Employment Act (currently pleaded in the Fifth Amended Complaint in case no. 2:09-cv-02649 (docket no. 57), but not pleaded in the complaint in case no. 2:12-cv-01287 (docket no. 1)).

[4] Defendant shall file a response to the consolidated complaint (whether amended by plaintiff or not) within twenty-one (21) days of entry of this order. Any motion filed by defendant under Fed. R. Civ. P. 12(b)(6) in response to the consolidated complaint may only address new matter pleaded in the consolidated complaint and not pleaded in the Fifth Amended Complaint currently filed in case no. 2:09-cv-02649 (docket no. 57).

[5] Plaintiff's cause of action for judicial review of the Merit Systems Protection Board order dated April 13,

2012 shall be tried to the court separately following trial on all other causes of action herein. The parties may not refer to the proceedings that led to this order, or the order itself, in any proceedings before a jury herein.

[6] Plaintiff's and defendant's motions to amend the status (pretrial scheduling) order currently in effect in case no. 2:09-cv-02649 (docket no. 68) are DENIED as moot.

[7] The status (pretrial scheduling) order currently in effect in case no. 2:09-cv-02649 (docket no. 68) is VACATED.

[8] A status (pretrial scheduling) conference is set for November 13, 2013 at 11:00 a.m. The parties shall file status reports no later than 14 days before the status conference.

IT IS SO ORDERED.

DATED:   October 3, 2012.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT