UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,

   v.

JANET NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FEDERAL PROTECTIVE SERVICE,

        Defendants.

NO. CIV. S-09-2649 LKK/DAD

O R D E R

Pending before the court is plaintiff's unopposed request for reconsideration of the magistrate judge's ruling on plaintiff's motion to compel discovery responses. For the reasons set forth below, plaintiff's request will be denied.

**I. BACKGROUND**

Plaintiff John P. Morgan brings this employment discrimination lawsuit against defendant Department of Homeland Security ("DHS"), with claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age

1

Discrimination in Employment Act.

Plaintiff was formerly employed by DHS as a criminal investigator in Sacramento. (First Amended Complaint ("FAC") ¶ 21, ECF No. 19.) Plaintiff's wife is an attorney who has represented several DHS employees in employment-related litigation against the agency. (FAC ¶ 19.) Plaintiff alleges that he was unlawfully subjected to a series of adverse actions by DHS in retaliation for (i) his wife's legal work on behalf of DHS employees, (ii) the agency's suspicion that plaintiff assisted his wife in this work, (iii) plaintiff's direct assistance to DHS employees who complained of discrimination, and (iv) plaintiff's own filing of discrimination complaints against the agency. (FAC ¶¶ 122-135.) Plaintiff was ultimately removed from service on January 6, 2009. (FAC ¶ 7.)

On January 29 and 30, 2013, plaintiff served defendant with requests for production of documents and special interrogatories. (Motion to Compel 1, ECF No. 25.) Plaintiff received responses to his discovery requests on March 4, 2013; the parties subsequently met-and-conferred regarding these responses. (Joint Statement 1-2, ECF No. 26.) On April 24, 2013, plaintiff filed a motion to compel. On May 17, 2013, after a hearing on the motion, Magistrate Judge Dale A. Drozd declined to rule from the bench, and took the matter under submission. (ECF No. 27) On May 30, 2013, the magistrate judge issued an order granting in part and denying in part plaintiff's motion. (May 30, 2013 Order, ECF No. 31.) On June 13, 2013, plaintiff timely filed the instant request for

2

reconsideration. (ECF No. 33.)   Under Local Rule 303(d), defendant had 7 days to file an opposition to plaintiff's reconsideration request, but did not do so.

**II. STANDARD**

Under Local Rule 303(c), "A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . . Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection." Local Rule 303(f) provides that "[t]he standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."

The latter statute provides:

> Notwithstanding any provision of law to the contrary . . . a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain specified matters]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

An order is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." Concrete Pipe and Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993). Under the "contrary to law" standard, a district court may conduct independent review of

3

purely legal determinations by a magistrate judge. <u>Computer Econ., Inc. v. Gartner Grp., Inc.</u>, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (Whelan, J.).

Magistrate judges are given broad discretion as to discovery matters; their decisions on such matters should not be overruled absent a showing of clear abuse of discretion. <u>Swenson v. Siskiyou County</u>, No. 2:08-cv-01675, 2010 WL 2574099 at *1 (E.D. Cal. June 24, 2010) (Damrell, J.) (citing <u>Jones v. Sweeney</u>, No. 1:04-cv-06214, 2008 WL 3892111 at *1 (E.D. Cal. Aug. 21, 2008) (Ishii, J.)).

The movant's mere disagreement with a ruling is not grounds for reconsideration. <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D.Cal. 2001) (Wanger, J.).

**III. ANALYSIS**

Plaintiff wishes the court to reconsider the denial of his motion to compel responses to two requests for production and one special interrogatory. These discovery requests concern defendant's handling of an inquiry into the activities of one Mario Canton, another DHS employee. Plaintiff alleges that Canton made false statements in several job applications, which plaintiff and others then reported to various authorities. (FAC ¶¶ 70, 71, 91.) It appears that at some point Canton was investigated for making false statements, and a report concerning this investigation issued on September 11, 2009. Subsequently, defendant received one or more further allegations regarding Canton's alleged malfeasance. (Joint Statement 9.) The instant discovery dispute centers around the

4

1  handling of these later allegations.

2      Plaintiff's request for production no. 2 provides:

3      All documents created subsequent to the completion of
       REPORT NUMBER 001, CASE NUMBER 200907113,
4      Administrative Inquiry Report, CANTON, MARIO/SUPVY
       CRIM INVSTGRI Falsifications/SAN FRANCISCO, SAN
5      FRANCISCO, CA, completed and approved September 11,
       2009 that refers to Mario Canton disclosing
6      investigative information prior to the completion of
       the just identified report. (Joint Statement 9.)
7
       Plaintiff's Request for Production no. 4 provides:
8
       All documents setting out or describing the policies
9      and procedures for the responding to information or
       allegations referring to the administrative inquiry of
10     CANTON, MARIO/SUPVY CRIM INVSTGR/Falsifications/SAN
       FRANCISCO, SAN FRANCISCO, CA, received after September
11     11, 2009. (Id. 10.)

12     Plaintiff's Special Interrogatory no. 4 provides:

13     Identify all documents setting out or describing the
       policies and procedures for the responding to
14     information or allegations referring to the
       administrative inquiry of CANTON, MARIO/SUPVY CRIM
15     INVSTGR/Falsifications/SAN FRANCISCO, SAN FRANCISCO,
       CA, received after September 11, 2009. (Id. 17.)
16

17     Magistrate Judge Drozd declined to compel responses to the
18 discovery requests at issue, primarily on the grounds that they
19 lack relevance. With respect to the requests for production of
20 documents, he wrote, "The court fails to see how documents created
21 in response to a call for an investigation received well after
22 plaintiff's employment with defendant ended are in any way relevant
23 to this action." (May 13, 2013 Order 3.)  With respect to the
24 special interrogatory, Magistrate Judge Drozd wrote, "Defendant
25 objects, asserting that plaintiff's request is overbroad, vague and
26 ambiguous. The Court agrees, and also finds that the requested

discovery does not appear relevant to any of plaintiff's claims in this action." (Id. 6.)

The court finds no clear error or inappropriate legal determination in these orders.

The gravamen of plaintiff's argument is that, although he and Canton were similarly-situated employees, DHS — due to its animus against plaintiff — handled the allegations against them very differently. Plaintiff argues, "Canton not only received no discipline for the same charges for which Morgan was removed, but instead Canton was recently promoted to the highest position in the [Federal Protective Service] region of Regional Director. This disparate treatment goes to the core of Plaintiff's case." (Request for Reconsideration 3.) Plaintiff adds that his "removal and the failure to investigate allegation of misconduct by Canton were close in time. There is no reason for the defendant to have different investigation standards in this relatively short period of time." (Id.)

Plaintiff was fired on January 6, 2009. The magistrate judge has determined that documents created after September 11, 2009, in connection with the investigation of Canton are not relevant to the claims raised in plaintiff's complaint. Plaintiff offers no legal argument for his contrary position. He does not, *e.g.*, point to case law demonstrating how an agency's handling of an employee investigation, more than eight months after another employee was terminated, is relevant to claims arising from the earlier termination. Absent a showing of legal error, the court is left to

consider whether the magistrate judge abused his discretion or committed a clear error in reaching his determination. Deciding when the object of discovery is so temporally removed from the events giving rise to a claim that the discovery is irrelevant calls for an exercise of judgment. In deciding this question, the magistrate judge appears to have exercised his considered judgment. Eight months is a substantial amount of time; certainly not brief enough to justify overturning the magistrate judge's ruling as a case of clear error.[1]

In addition, the court finds that both Request for Production no. 4 and Special Interrogatory no. 4 are so vague and ambiguous as to not admit of proper response. In particular, the phrase "the policies and procedures for the [*sic*] responding to information or allegations referring to the administrative inquiry of [Mario Canton]," which occurs in both discovery requests, is nearly incomprehensible.

One further matter merits discussion. In support of his motion to compel, plaintiff wrote, "[A]fter production of the documents

---

[1] Moreover, according to defendant, "The only contention Plaintiff makes as to similar misconduct by Canton relates to evidence which was not presented to the agency until 2012, when Plaintiff's counsel provided an affidavit to the head of the regional Office of Professional Responsibility . . . with a demand that he immediately open an investigation." (Joint Statement 9.) If defendant's characterization of events is accurate, more than three years elapsed between the date of plaintiff's termination and the point at which Canton should allegedly have been investigated in the same manner as plaintiff. The length of this interval only bolsters the magistrate judge's finding that too much time had passed to make the agency's handling of the Canton matter relevant to plaintiff's case.

7

1  [related to the investigation of Canton], [plaintiff] made a demand
2  to the Agent in Charge for the San Francisco Office of Processional
3  Responsibility investigate the allegations of Canton's misconduct
4  of attempting to influence a witness in a manner of which he was
5  the target of the investigation [*sic*]. These allegations should
6  have been investigated when they were first received." (Joint
7  Statement 9).  Here, plaintiff appears to be saying that, after he
8  was fired, during the course of this litigation, he presented
9  allegations to defendant which he contends should have triggered
10 an investigation similar to the one that he (plaintiff) faced. If
11 the court's understanding is correct, then it appears that
12 plaintiff made a substantial misrepresentation in alleging that
13 "[v]ery shortly after the Canton investigation was closed, *an*
14 *agency employee* accused Canton, in writing through appropriate
15 channels, of essentially the same conduct for which Morgan was
16 removed." (Request for Reconsideration 3.) Plaintiff was most
17 decidedly not an agency employee after January 6, 2009, and should
18 not have characterized himself as such. It may be that the court's
19 understanding is incorrect, and that, somewhere in the thicket of
20 filings in this action, there lies an allegation of another party
21 having alleged Canton's malfeasance to defendant after September
22 11, 2009. Otherwise, plaintiff is cautioned to present the facts
23 more accurately in the future or risk sanction.

24 **IV. CONCLUSION**

25     For the reasons set forth above, plaintiff's request for
26 reconsideration of the magistrate judge's denial of plaintiff's

1  motion to compel is DENIED.
2       IT IS SO ORDERED.
3       DATED:  July 2, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9